UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

JAMAL TAYLOR
LAVONDA WRIGHT
    Plaintiffs,

V.                                      CIVIL ACTION NO.

ACADEMY COLLECTION SERVICES, INC.
    Defendant.                       MAY 28, 2008

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Jamal Taylor and Plaintiff LaVonda Wright, as individual consumers, against Defendant Academy Collection Services, Inc. hereinafter (ACSI") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Jamal Taylor is a natural person residing in the City of Baltimore, Baltimore County and the State of Maryland.

4. Plaintiff LaVonda Wright is a natural person residing in the City of Baltimore, Baltimore County and State of Maryland.

4. Defendant, ACSI, is a foreign corporation engaged in the business of collecting debt in this State with its principal place of business located at 10965 Decatur Road, Philadelphia, PA 19154 and is authorized to do business in Maryland. The principal purpose of Defendant's business is the collection of debts and defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

6. During the months of February and March 2008 Defendant made several telephone calls to the home and phone of Plaintiff Wright in an attempt to locate Plaintiff Taylor and leaving voice messages on Plaintiff Wright's telephone answering machine.

7. On or about March 5, 2008 ACSI contacted the home and phone of Plaintiff Wright attempting to locate Plaintiff Taylor at approximately 11:34 a.m. and again on the

same day at approximately 8:57 p.m. During the course of contact with Plaintiff Wright defendant said to her that she was a bad mother or abusive words to that effect.

8. On or about March 7, 2008 ACSI contacted the home and phone of Plaintiff Wright attempting to locate Plaintiff Taylor at approximately 1:41 p.m. and again on the same day at approximately 4:32 p.m. and failed to identify themselves or failing to leave notice pursuant to §1692e(11).

9. On or about March 12, 2008 ACSI contacted the home and phone of Plaintiff Wright attempting to locate Plaintiff Taylor at approximately 4:56 p.m. and again on the same day at approximately 7:36 p.m.

10. As a result of the acts alleged above, Plaintiffs have been damaged.

## V. CLAIM FOR RELIEF

11. Plaintiffs repeat and reallege and incorporate by reference to the foregoing paragraphs.

12. ACSI violated the FDCPA. Defendant ACSI violations include, but are not limited to, the following:

   (a) Violation of §1692b (1).

   (b) Violation of §1692b (3)

   (c) Violation of § 1692c (b)

   (d) Violation of §1692d (5).

   (e) Violation of §1692e (10).

   (f) Violation of § 1692e (11).

13. As a result of the foregoing violations of the FDCPA, ACSI is liable to the Plaintiff Jamal Taylor and Plaintiff Wright for declaratory judgment that ACSI's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff Taylor and Plaintiff Wright respectfully requests that judgment is entered against defendant ACSI for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Costs and reasonable attorney's fees pursuant to 15 US. 1692k (3).

E. For such other and further relief as the Court may deem just and proper.

THE PLAINTIFF
BY _____
Bernard T. Kennedy, Esquire
207 Miles River Court
Odenton, MD 21113
Ph  (410) 305-4000
Fax (410) 305-4005
Fed. Bar # Md26843
bernardtkennedy@yahoo.com